IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**VINCENT COOPER**                                                                       **PETITIONER**

v.                                    Case No. 6:15-cv-6091

**WENDY KELLY, Director,**                                                        **RESPONDENT**
Arkansas Department of Correction

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, VINCENT COOPER ("Cooper"), an inmate confined in the Arkansas Department of Correction (ADC), Ouachita River Unit, Malvern, Arkansas, filed a "Petition for Writ of *Habeas Corpus*" pursuant to 28 U.S.C. § 2241 on August 27, 2015. ECF No. 1. The Petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case. The Respondent, Director, filed her Response on September 30, 2015. ECF No. 8. For the reasons set forth below the Petition should be **DENIED**.

**A. Procedural Background[1]:**

Cooper brings this action challenging his sentence from the Circuit Court of Miller County, Arkansas. ECF No. 1. According to Petitioner, he was sentenced to 48 months in the ADC on January 19, 1999, in Miller County following a conviction for hot checks and theft. ECF No. 1, pp 3-4. He was later sentenced on April 6, 2005, to a term of 360 months in the ADC for attempted robbery and aggravated robbery. ECF No. 1, p. 4. He claims he filed one prior state court *habeas corpus* petition challenging these sentences but the state court has not ruled. He states he is not challenging the convictions or sentences rather he is challenging Respondent and the ADC's failure to give him some 472 days of "jail time credit" toward his eligibility for early release or parole. He

---

[1] The procedural background is taken from the Petition, the Response, and the exhibits produced by the parties..

claims in his Reply to the Response that his current petition challenges the convictions from 1999 and not the 2005 conviction. ECF No. 9, p. 1. He also states his sentences on the two 1999 convictions have "long been completed and the petitioner discharged." ECF No. 9, p. 2. It is apparent he is currently in the custody of the Respondent pursuant to the 360 month sentence imposed in 2005. ECF No. 8, pgs. 2-3.

The Respondent, through her response and attached exhibits, shows Cooper was convicted in Miller County in 2005 and sentenced to a term of imprisonment of 360 months for aggravated robbery and attempted robbery. ECF No. 8-3, p. 2. This conviction and sentence was affirmed on appeal by the Arkansas Court of Appeals. *See Cooper v. State*, 2006 WL 477634 (Ark. App. March 1, 2006) (unpublished). Following his direct appeal, Cooper filed several proceedings in state court including petitions for Relief pursuant to Ark. R. Crim. P. 37, for scientific testing, for writ of error *coram nobis*, for writ of *certiorari*, and for a writ of *habeas corpus*. All were unsuccessful.

Cooper filed a petition pursuant to 28 U.S.C. § 2254 in the Eastern District of Arkansas in 2007. *See Cooper v. Norris*, No. 5:07-cv-00046, 2008 W.L. 2115218 (E.D. Ark. 2008). In this proceeding he raised several instances of ineffective assistance of counsel and several errors made by the trial court regarding his conviction and sentence in the Miller County Circuit Court in 2005.

**B. Instant Petition**:

Cooper filed the instant Petition, pursuant to § 2241, on August 27, 2015. ECF No. 1. In this Petition he claims the state trial court failed to award him 472 jail time credit for the period from February 17, 2002 to April 14, 2003. The Respondent asserts the instant Petition should be dismissed as a successive petition, filed without permission of the Court of Appeals pursuant to 28

U.S.C. 2244(b)(3). ECF No. 8. In his Reply Cooper says he is not challenging the 2005 conviction. Instead he claims he is challenging the 1999 sentence and the way it was imposed. ECF No. 9.

Regarding the 1999 convictions, Cooper was sentenced to a term of 120 months with 84 months suspended for each. On January 23, 2003, the suspended sentences were revoked and Cooper was sentenced to a period of 48 months imprisonment. According to the ADC information provided by the Respondent, these 48 month sentences have expired. Had Petitioner served the entire 48 months these terms would have expired on January 22, 2007. It is clear he is no longer in custody pursuant to the 1999 convictions.

## C. Discussion:

As a preliminary matter, I note Cooper has presented the instant Petition as one seeking relief pursuant to § 2241. The rules restricting relief pursuant to § 2254 are applicable here. Section 2254 refers "to applications by 'person[s] in custody pursuant to the judgment of a State court ... on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.' . . . [T]he focus is on the fact of custody, not necessarily on flaws in the underlying judgment or sentence that brought the person there." *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (citations omitted). Not only is §2254 the appropriate vehicle for Cooper's claims here, "it is, as a practical matter, the only vehicle. This is because [Cooper] is a 'person in custody pursuant to the judgment of a state court' and can only obtain habeas corpus relief through § 2254, no matter how his pleadings are styled." *Id*. Accordingly, §2254 and its associated statutory requirements apply to the Petition in this case.

Further, Cooper clearly filed an earlier petition seeking *habeas corpus* relief. He claims his current petition raises issues about a conviction (1999) not challenged in the prior suit seeking *habeas corpus* relief. However, he is no longer in custody pursuant to the 1999 convictions. I find his current Petition can only be construed as attacking his current custody from the 2005 conviction.

1. <u>Successive Petition</u>: Cooper challenged the 2005 conviction in a prior federal *habeas corpus* proceeding. Further, it is not disputed that he failed to request and receive permission from the United States Court of Appeals for the Eighth Circuit to file the instant second petition as required by § 2244 (b)(3). Title 28 United States Code Section 2244 states in pertinent part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless-
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Cooper is in custody pursuant to the 2005 state court convictions. To obtain relief from this court he must necessarily be attacking that conviction here. A district court lacks jurisdiction to consider a second or successive petition filed without authorization from the appropriate court of appeals. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007). Cooper has litigated a § 2254 petition

to conclusion attacking the 2005 conviction in the Eastern District of Arkansas. On March 29, 2010, U. S. District Judge James M. Moody denied relief in *Cooper v. Norris*, No. 5:07-cv-00046, 2010 WL 1407768 (E.D. Ark. March 29, 2010). The current Petition is therefore an unauthorized second or successive petition and should be dismissed.

    2. Statute of Limitations: Even if the instant Petition were not successive, it is time barred. On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. The law made several changes to the federal *habeas corpus* statutes, including the addition of a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The AEPDA provides that the one-year limitations period shall run from the latest of four possible situations. Section 2244(d)(1)(A) specifies that the limitations period shall run from the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review. Section 2244(d)(1)(B) specifies that the limitations period shall run from the date an impediment to filing created by the State is removed. Section 2244(d)(1)(C) specifies that the limitations period shall run from the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Section 2244(d)(1)(D) states that the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

    Here Cooper's 2005 sentence was final on January 18, 2007, the day the Arkansas Supreme Court denied his motion for belated appeal. He filed the instant petition more than 8 years later. The tolling provision of § 2244(d)(2) does not provide him an 8 year cushion to file the instant petition. At best the tolling ended on March 29, 2010, when the U.S. District Court for the Eastern District of Arkansas dismissed his first federal petition. He is likewise not entitled to equitable tolling as he

has neither alleged nor demonstrated some extraordinary circumstance prevented him from seeking relief in a timely fashion. Therefore, the Petition should be dismissed as untimely.

    3. <u>In Custody Requirement</u>: Finally, even if the Court construes this Petition as a timely attack on the 1999 sentences, it is still subject to dismissal. Relief pursuant to the writ of *habeas corpus* is available only to a person "in custody." *See Cotton v. Mabry*, 674 F.2d 701, 703 (8th Cir.1982). Title 28 U.S.C. § 2241(c) provides:

    (c) The writ of *habeas corpus* shall not extend to a prisoner unless—

        (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

        (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

        (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

        (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

        (5) It is necessary to bring him into court to testify or for trial.

The United States Supreme Court has held that once a sentence has completely expired, the individual is no longer "in custody" for purposes of *habeas corpus* attack. *See Maleng v. Cook*, 490 U.S. 488 (1989) (petition filed pursuant to 28 U.S.C. § 2254). Here, Cooper is not "in custody" pursuant to the 1999 convictions he claims to challenge. The Petition should be dismissed on these grounds as well.

**D. Conclusion**:

Cooper has not obtained permission from the United States Court of Appeals for the Eighth Circuit to file this second Petition relating to his 2005 convictions pursuant to § 2244. The instant Petition should be dismissed with prejudice as successive. In addition, the Petition is untimely. Finally, Cooper is not "in custody" pursuant to the 1999 convictions he claims to challenge here.

**E. Recommendation**:

Accordingly, based on the foregoing, it is recommended that the instant Petition be denied as successive, untimely and dismissed with prejudice.[2] I further recommend no Certificate of Appealability issue in this matter.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **2nd day of February 2017.**

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Barry A. Bryant
　　　　　　　　　　　　　　　　　　　　　　　　HON. BARRY A. BRYANT
　　　　　　　　　　　　　　　　　　　　　　　　U.S. MAGISTRATE JUDGE

---

[2] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart*, 726 F.2d 1316, 1318-19 (8th Cir.1984).